UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                          Criminal No. 17-CR-20303-01

vs.                                                                   HON. BERNARD A. FRIEDMAN

ROGER ALLEN YATZEK,

    Defendant.

_____/

**OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter is presently before the Court on defendant's motion for compassionate release [docket entry 23]. The government has filed a response in opposition, and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant, currently confined at FCI-Elkton in Lisbon, Ohio, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)[1] on the grounds that he "suffers from asthma, diabetes,

---

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised

obesity, hyperlipidemia, and hypertension, making him particularly susceptible to severe complications from the virus." Def.'s Mot. at 1-2. The government concedes that defendant's medical conditions place him at heightened risk, and that he has exhausted his administrative remedies, but it opposes the motion on the grounds that he does not meet the other requirements for compassionate release.

> This Court has summarized the legal standards applicable to this motion as follows:
>
> The compassionate release statute allows the Court to modify a defendant's term of imprisonment if: (1) he fully exhausts all administrative remedies; (2) he shows both "extraordinary and compelling reasons warrant such a reduction [or release]" and that the reduction or release is consistent with" the Sentencing Commission's policy statements; (3) he is not a danger to any other person or the community; and (4) the factors in 18 U.S.C. § 3553(a) support the reduction or release to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A)(I); United States Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1; *United States v. Austin*, No. 15-20609, 2020 WL 2507622, at *1 (E.D. Mich. May 15, 2020).
>
> \* \* \*
>
> Section 1B1.13 of the Sentencing Guidelines is the "applicable policy statement" with which the Court must comply when considering a request for compassionate release. Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of the following four categories of "extraordinary and compelling reasons": (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) other reasons as determined by the BOP. USSG § 1B1.13 cmt. n.1;

---

release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . .

> *Austin*, 2020 WL 2507622, at *1.

*United States v. Wingo*, No. 15-20450, 2020 WL 4676388, at *1-2 (E.D. Mich. Aug. 12, 2020).

The Court has considered these factors and concludes that compassionate release would not be appropriate in this case. First, although defendant's medical conditions make him more vulnerable if he were to be infected, defendant has not shown that the risk of infection at FCI-Elkton is unacceptably high. The Bureau of Prisons currently reports that two staff members and two inmates at that facility, out of a population of 1,532, are infected. *See* https://www.bop.gov/coronavirus (last visited Oct. 1, 2020). Further, the government notes in its response brief that as mid-September 2020 it has reduced the prison population by granting home confinement to over 7,600 inmates nationwide and that it has taken significant steps to minimize the spread of the virus at all BOP facilities. The Sixth Circuit has acknowledged these efforts. *See Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020). Defendant in the present case has not shown that the BOP's efforts to combat the spread of the virus are inadequate or that FCI-Elkton would be unable to adequately treat him if he became ill.

This Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release." *United States v. Gordon*, No. CR 11-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020). *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility, . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release."). Defendant has

shown no more than a generalized risk, not a risk that is specific to him based on his living circumstances and medical conditions.

The Court concludes that defendant has failed to show the existence of any extraordinary and compelling reason warranting his immediate release from prison. The Court also finds that release in this case would be all the more inappropriate in light of the fact that defendant has served only approximately three-fifths of his sentence for a serious crime. The Court sentenced defendant in September 2017 to a 60-month prison term (the statutory mandatory minimum), pursuant to a Rule 11 Plea Agreement wherein defendant pled guilty to receipt of child pornography.² The Sixth Circuit has noted that a defendant's failure to serve a significant portion of his sentence is something the Court may consider in deciding a motion for compassionate release, as it relates to the 18 U.S.C. § 3553(a) factors of reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment for the offense. *See United States v. Kincaid*, 805 F. App'x 394, 395 (6th Cir. 2020). In the present

---

² The factual basis for defendant's guilty plea is set forth in the plea agreement at paragraph 1C as follows:

> On July 2, 2015, federal authorities executed a search warrant at the Defendant's residence in Palmyra, Michigan and recovered 17 items for forensic analysis. The Defendant was present and identified the devices he used to search for pornography.
>
> A forensic analysis of the Defendant's devices revealed that, between the dates of September 10, 2014 and July 2, 2015, the Defendant received over a thousand child pornography images and/or videos by downloading them from the internet. There were images of children under the age of 12 and images depicting sadomasochistic conduct. There were at least two images containing bestiality.

case, the Court finds that releasing defendant after he has served only sixty percent of his sentence would undermine each of these important sentencing objectives.

Accordingly,

IT IS ORDERED that defendant's motion for compassionate release is denied.


                                                 s/Bernard A. Friedman
                                                 BERNARD A. FRIEDMAN
Dated: October 2, 2020             SENIOR UNITED STATES DISTRICT JUDGE
        Detroit, Michigan